IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HELEN MICHAEL,

    Plaintiff,

v.                                    Civil Action No. 5:05CV47
                                                                     (STAMP)
JO ANNE B. BARNHART,
Commissioner of Social
Security Administration,

    Defendant.

**<u>MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE</u>**

I.  <u>Procedural History</u>

The plaintiff, Helen Michael, filed an action in this Court on April 4, 2005, seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security Administration, pursuant to 42 U.S.C. § 405(g). The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B). The plaintiff filed a motion for summary judgment titled "Motion for Judgment of Reversal" on July 7, 2005. The Commissioner filed a motion for summary judgment on August 3, 2005. Magistrate Judge Seibert considered the plaintiff's motion for summary judgment and the Commissioner's motion for summary judgment and submitted a report and recommendation. In his report, the magistrate judge recommended that the plaintiff's motion for summary judgment be

denied and that the Commissioner's motion for summary judgment be granted because substantial evidence supports the finding of the Administrative Law Judge ("ALJ"). Upon submitting this report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. To date, no objections have been filed by the parties. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and under these circumstances, the parties' right to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## II. Facts

On November 27, 2002, the plaintiff filed an application for Disability Insurance Benefits ("DIB") alleging disability since October 15, 2002. The state agency denied plaintiff's application initially and on reconsideration. The ALJ held a hearing on the

denial of plaintiff's application on January 23, 2004. On September 10, 2004, the ALJ entered his decision finding that the plaintiff was not disabled. On January 27, 2005, the Appeals Council denied plaintiff's request for review of the ALJ's decision. The plaintiff then filed the present action with this Court.

### III. Applicable Law

#### A. Standard of Review

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" See Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1966)(quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

#### B. Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the

law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## IV. Discussion

In the plaintiff's motion for judgment of reversal, she argues that the ALJ: (1) failed to properly assess her Residual Functioning Capacity ("RFC"); (2) failed to follow the proper procedure for analyzing mental impairments; and (3) erroneously relied upon the testimony of the vocational expert ("VE").

In the Commissioner's motion for summary judgment, the Commissioner maintains that the ALJ properly (1) determined the plaintiff's RFC; (2) analyzed the plaintiff's mental impairments; and (3) relied upon the testimony of the VE.

A.   Residual Functioning Capacity

The plaintiff asserts that the ALJ failed to evaluate the plaintiff's RFC in accordance with Social Security Rule 96-8p. The Commissioner counters that the ALJ properly determined the plaintiff's RFC.

Pursuant to 20 C.F.R. §§ 404.1545 and 416.945, an RFC is what a claimant can still do despite his or her limitations. RFC is an assessment based upon all of the relevant evidence, including descriptions that go beyond the symptoms, such as pain, observations by treating physicians, psychologists, family, neighbors, friends and/or other persons who are able to provide evidence regarding the claimant's limitations. Id. These descriptions and observations must be considered along with the medical records to assist the Social Security Administration in deciding the extent an impairment prohibits a claimant from performing particular work activities. Id. This assessment is used as a basis for determining the particular types of work claimants may be able to perform despite their impairments.

The magistrate judge considered the ALJ's opinion in light of Social Security Rule 96-8p. Social Security Regulation 96-8p requires an ALJ to "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence" when assessing a claimant's RFC. Id. The plaintiff argues that the ALJ is statutorily

6

required to include a discussion of findings and conclusions and the basis for all the material issues of fact, law or discretion presented on the record. The magistrate judge correctly noted that "[a]lthough the ALJ is required to indicate the weight given to all relevant evidence," the ALJ is not required to discuss every piece of evidence. Gordon v. Schweiker, 725 F.2d 231 (4th Cir. 1984)(emphasis added).

The magistrate judge reviewed the decision of the ALJ to determine whether the ALJ's factual findings are supported by substantial evidence. See Hays, 907 F.2d 1453. The ALJ concluded that the plaintiff's allegations of pain were credible, however, the ALJ found that the plaintiff possessed the RFC to perform sedentary work. The ALJ determined that the plaintiff's RFC was based upon the following conclusions: the plaintiff cannot stand or walk for prolonged periods of time; lifting is limited to ten pounds when standing; the plaintiff can use her hands for fine manipulation; she has moderate limitations in bending, stooping, lifting, walking, crawling, carrying, traveling, and pushing or pulling heavy objects; she can understand, remember and carry out short one to two step instructions; and she should have minimal interaction with others. (Tr. 34-5.)

The ALJ determined that the plaintiff's RFC was based upon the medical opinions of the plaintiff's physicians and her daily activities. The ALJ expressly stated that he had examined the

entire record before making a determination. Specifically, the ALJ's findings were based upon the opinions of Dr. Kerbyson, Dr. Mir, Dr. Stanley and Harry Hood, a state agency medical consultant and the plaintiff's statements concerning her daily activities. The ALJ noted that Dr. Kerbyson found that the plaintiff ambulated with a normal gait; exhibited normal intellectual functioning; had good recent and remote memory; had normal grip strength bilaterally; could make a fist and perform fine finger manipulations, such as buttoning and picking up a coin. (Tr. 28-29, 131.) Although Dr. Kerbyson noted problems in the plaintiff's lower extremities, his neurological examination revealed intact cranial nerves, 5/5 muscle strength, no atrophy, well-reserved sensory modalities and intact cerebellar function. (Tr. 132.) Dr. Kerbyson was of the opinion that the plaintiff's ability to perform work-related activities, such as bending, stooping, lifting, walking, crawling, squatting, carrying and pushing heavy objects, was only moderately impaired. (Tr. 29, 132.) Additionally, the ALJ noted that Dr. Stanley opined that plaintiff could perform full-time work that allowed her to sit and did not require the operation of foot controls or extensive standing/walking. (Tr. 29, 148.) Moreover, Dr. Mir noted that the plaintiff had intact power at 21 in the upper extremities, 2+ reflexes and intact sensory. (Report and Recommendation (citing Tr. 168, 172).) Finally, Harry Hood, a state agency medical consultant indicated that the

plaintiff had normal memory, normal persistence, performed tasks at a normal pace and had only mildly deficient judgment, concentration and social functioning. (Tr. 29-30, 177-78; Report and Recommendation at 21.) The plaintiff reported that she took care of her own personal needs, including grooming, preparing meals, washing clothes, vacuuming, dusting, mopping floors, washing dishes, running errands and visiting with friends and relatives. (Tr. 107-10.) The plaintiff also testified that she could sit "forever" and that she could lift up to ten pounds. (Tr. 217-18.)

The magistrate judge correctly concluded that, in light of the evidence of record and the evidence outlined in the ALJ's decision, there was substantial evidence for the ALJ's determination of the plaintiff's RFC. Thus, the magistrate judge found, and this Court agrees, that the ALJ properly determined the plaintiff's RFC.

B. <u>Mental Impairments</u>

The plaintiff argues that the ALJ failed to comply with the controlling regulations when he analyzed the plaintiff's mental impairments. The Commissioner asserts that the ALJ followed the proper regulations to analyze the plaintiff's mental impairments.

The magistrate judge considered the plaintiff's argument in light of 20 C.F.R. § 404.1520 and 20 C.F.R. § 404.1520a. Title 20, Code of Federal Regulations, Section 404.1520 sets forth a five-step evaluation to determine if a claimant is disabled. The second step requires the ALJ to determine whether the claimant has a

severe impairment or combination of impairments that has met or is expected to meet the durational requirement of twelve months or more. If the claimant has a severe impairment or impairments, the ALJ must determine whether the impairment(s) meet or medically equal a listed impairment. Then, based upon these determinations, the ALJ must determine whether a claimant's impairment(s) prevent her from performing work that exists in significant number in the national economy.

Title 20, Code of Federal Regulations, Section 404.1520a provides further guidance for the evaluation of mental impairments. The section requires the ALJ to first evaluate the symptoms, signs and laboratory findings to determine whether the claimant has a medically determinable mental impairment. If the ALJ determines that the claimant has a medically determinable mental impairment, the ALJ must then "specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s) and document [his] findings in accordance with paragraph (c) of this section." Id. Once the ALJ has determined the claimant has a medically determinable mental impairment, he must then rate the degree of functional limitation resulting from the impairments in four functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence and pace; and (4) episodes of decompression. 20 C.F.R. § 404.1520a.

The plaintiff did not allege a disabling mental impairment in her application for disability benefits. She further failed to state at the hearing that she was disabled due to a mental impairment. In addition, there was no evidence of significant treatment of a medical impairment in the record. Despite the plaintiff's failure to allege a disabling mental impairment, the ALJ determined that the plaintiff had a medically determinable impairment of depression that was "'severe' within the meaning of the Regulations but was not 'severe' enough to meet or medically equal, either singly or in combination to one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4." (Report and Recommendation at 24 (citing Tr. 30.)) The ALJ applied the four-part test stated in 20 C.F.R. § 404.1520a to determine the limitations the depression imposes upon the plaintiff. The ALJ determined that the plaintiff's depression does not cause any marked limitations in social functioning, her concentration is mildly decreased and she has no episodes of decompression. In addition, the plaintiff is not taking any medications to treat depression.

The plaintiff also asserts that the ALJ failed to mention her Global Assessment of Functioning ("GAF") score of 45. The magistrate judge found that the plaintiff's GAF score of 45 did not establish a mental impairment for purposes of the plaintiff's request for social security disability benefits without evidence

11

that the score impaired the plaintiff's ability to work. See <u>Camp v. Barnhart</u>, 103 Fed. App. 352 (10th Cir. 2004). As stated in <u>Eden v. Barnhart</u>, 109 Fed. App. 311, 314 (10th Cir. 2004), "[s]tanding alone, a low GAF score does not necessarily evidence an impairment seriously interfering with a claimant's ability to work."

In this civil action, the plaintiff failed to provide any evidence that the GAF score impaired her ability to work. Thus, the magistrate judge concluded that the ALJ's failure to reference the GAF score in the RFC, standing alone, does not make the RFC inaccurate.

Accordingly, the magistrate judge correctly concluded that the ALJ complied with the controlling law in analyzing the plaintiff's mental impairments.

## C. <u>Vocational Expert</u>

The plaintiff asserts that the ALJ posed an improper hypothetical question to the VE. The Commissioner argues that the ALJ's question was proper.

The Fourth Circuit has stated in <u>Russell v. Barnhart</u>, 2003 U.S. App. LEXIS 2178 (4th Cir. Feb. 7, 2003), an unpublished opinion, that a question posed to a vocational expert must set out all of the claimant's impairments that are supported by the record. <u>See also</u> <u>Koonce v. Apfel</u>, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999).

In this civil action, the ALJ's hypothetical to the VE incorporated the plaintiff's limitations that were supported by the record. The hypothetical question was based directly on the ALJ's finding at the fourth step of the disability evaluation and addressed all of the plaintiff's limitations supported by the record. These findings were based on the ALJ's comprehensive review of the objective medical evidence and the plaintiff's account of her daily activities. The ALJ also accounted for the plaintiff's inability to push and pull heavy objects by limiting his hypothetical question to sedentary work.[1] Thus, the magistrate judge correctly found that the ALJ's hypothetical question was proper. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(the scope of review is limited to determining whether the findings of the Secretary are supported by substantial evidence).

The plaintiff further argues that the VE's testimony of job requirements conflicted with the requirements set forth in the Dictionary of Occupational Titles ("DOT").

Social Security Regulation 00-4p states, in part, that "occupational evidence provided by a VE . . . should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE and VS [Vocational Specialist] evidence and the DOT, the adjudicator must elicit a

---

[1] Sedentary work involves lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools.

reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled." Moreover, "[e]vidence from Ves or Vss can include information not listed in the DOT. The DOT contains most, but not all occupations . . . The DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings." Id.

The DOT specifically provides that the job of stringing machine tender (DOT § 698.585-018) is an unskilled job performed at the sedentary exertional level. The plaintiff asserts that the sedentary machine tender jobs involve more than one or two steps. Since the DOT lists the "maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings," the magistrate judge found that the VE's testimony was consistent with the DOT. See SSR 00-4.

In addition, the plaintiff argues that there are no sedentary "packer" positions in the DOT, and thus, plaintiff's capability to perform this job conflicts with the DOT. (Pl.'s Mot. Summ. J. at 15.) The VE testified that there are 275 local and 95,000 national sedentary "packer" positions. (Tr. 226.) See Hicks v. Califano, 600 F.2d 1048, 1051 n.2 (4th Cir. 1979)(noting that 110 jobs is a significant number). Based upon Hicks and the VE's testimony, the

magistrate judge correctly concluded that a significant number of jobs exist in the national economy that the plaintiff could perform.

The magistrate judge reviewed the record and found that the ALJ's questions to the VE included the limitations that he found were supported by the record. Accordingly, the magistrate judge correctly found that the testimony of the VE provided substantial evidence that a significant number of jobs that the plaintiff could perform exist in the national economy.

## V. Conclusion

Because the parties have not objected to the proposed findings of fact and recommendation for disposition, and because this Court finds that the recommendation is not clearly erroneous, this Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, it is ORDERED that plaintiff's motion to summary judgment be DENIED and that the defendant's motion for summary judgment be GRANTED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    June 16, 2006

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE